# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLYNN A. HOLDER, | : | CIVIL ACTION NO. **1:CV-10-2236** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL CURLEY, Warden, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

Petitioner, Glynn A. Holder, currently an inmate at the Muskegon Correctional Facility in Muskegon, Michigan, and formerly an inmate at the State Correctional Institution at Houtzdale, Pennsylvania, filed his second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner attached exhibits to his present habeas petition.

Petitioner originally filed his present habeas petition with the U.S. District Court for the Eastern District of Michigan and, on October 28, 2010, his petition was transferred to this Court.[1]

Petitioner Holder filed his previous § 2254 habeas petition with this Court on October 6, 2003, namely, *Holder v. Patrick*, Civil No. 03-1779, M.D. Pa.[2] Petitioner Holder's prior habeas

---

[1] According to the Transfer Order of the U.S. District Court for the Eastern District of Michigan, Petitioner is confined in Muskegon Correctional Facility, under the Interstate Corrections Compact, while he serves his Pennsylvania state court sentence imposed in May 1999 by the York County Court of Common Pleas. (Doc. 3).

[2] Petitioner Holder also filed three §1983 civil rights cases with this Court. They were: *Holder v. York Hospital, et al.*, 3:CV-99-1018; *Holder v. Gallagher, et al.*, 1:CV-02-0629; and *Holder v. Beard, et al.*, 1:CV-03-1056. Petitioner Holder currently has only his instant habeas petition pending with this Court.

petition was denied on its merits by this Court on December 1, 2004. This Court declined to issue a certificate of appealability. (Doc. 52, Case No. 03-1779). Petitioner then filed a Notice of Appeal with the Third Circuit Court of Appeals, U.S.C.A. No. 04-4697 (3d Cir.). On July 28, 2005, the Third Circuit issued an Order and denied Petitioner's request for a certificate of appealability. (Doc. 68, case No. 03-1779).

Also, on February 28, 2008, Petitioner filed an application under 28 U.S.C. §2244 to file a second or successive habeas corpus petition under 28 U.S.C. §2254 with the Third Circuit Court of Appeals. On March 14, 2008, the Third Circuit denied Petitioner's application. The Third Circuit stated that Petitioner did not present "any newly discovered evidence and his claim does not involve a new rule of constitutional law." (Doc. 72, case No. 03-1799).[3]

Notwithstanding the Third Circuit's Order denying his request to file a second or successive §2254 habeas petition, and in apparent defiance of the Third Circuit's Order, Petitioner Holder filed the instant §2254 habeas petition, again challenging his May 1999 York County conviction and sentence. On November 19, 2010, Petitioner Holder filed a 2-page Memorandum in support of his habeas claims. (Doc. 10).

---

[3]As part of Petitioner's proffered new evidence he submits with his present habeas petition is the Affidavit of Ellis Ramos which Petitioner states was mailed to him on August 15, 2008, and received by him on August 20, 2008. This proffered new evidence was received by Petitioner after the Third Circuit's March 14, 2008 Order denying Petitioner's application to file a second or successive §2254 habeas petition. Regardless, as discussed below, we find that Petitioner was well aware of his claim regarding the admissibility of the victim's testimony about what Ramos told her at the time his trial with the York County Court concluded. Also, Petitioner should have filed another application under § 2244 to file a second or successive § 2254 habeas petition with the Third Circuit with the Ramos affidavit.

In his second §2254 habeas petition presently pending before this Court, Petitioner again challenges his 1999 conviction of rape and related offenses in the York County Court of Common Pleas and his 31½ to 63 years prison sentence. Petitioner raises the following grounds: (1) "Should P.C.R.A. Petition pursuant to statue (sic) of newly discovered evidence been dismissed as untimely and without notice of intent as required"; (2) "Petitioner was denied protected constitutional rights when D.A. used hearsay testimony to secure conviction"; (3) "Did [York County] Court violate petitioners (sic) constitutional rights to due process, creating fundamental miscarriage of justice by directing defense counsel to withhold evidence"; and (4) "Should new trial or dismissal of charges be granted due to D.A. knowingly presenting false testimony." (Doc. 1).[4]

Petitioner's habeas petition has not yet been served on Respondent. We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977).[5]

**II. Discussion.**

As stated, on October 6, 2003, Petitioner Holder, while an inmate at the State Correctional Institution at Houtzdale, Pennsylvania, filed, *pro se*, a previous petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, case #03-1779). Petitioner Holder's 2003 habeas petition was docketed as *Holder v. Patrick*, Civil No. 03-1799, M.D. Pa. In his 2003 case,

---

[4] Petitioner attached to his habeas petition typed additional facts with respect to this claims. Petitioner's present claims largely related to Ramos' affidavit and the victim's trial testimony about what Ramos told her.

[5] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

3

Petitioner Holder challenged his May 1999 rape and related convictions in the York County Court of Common Pleas, as well as his sentence of 31½ to 63 years in prison. In his No. 03-1779 habeas petition, Petitioner raised the following grounds:

1. Whether Petitioner was denied his Sixth Amendment right to an impartial jury?

2. Whether trial counsel and direct appellate counsel were ineffective?

3. Whether the Petitioner's sentence was excessive and in violation of the Eighth Amendment?

4. Whether Petitioner's PCRA counsel was ineffective?

(Doc. 1, #03-1779, pp. 5-6 and attached Grounds).

On our May 14, 2004, Report and Recommendation("R&R"), we discussed the merits of Petitioner Holder's habeas claims raised in his No. 03-1779 case. We found no merit to Petitioner Holder's claims raised in his No. 03-1779 Petition for Writ of Habeas Corpus.

On December 1, 2004, the District Court issued an Order in case No. 03-1779, and it adopted our R&R. (Doc. 52, #03-1779 case). The Court also denied Petitioner's habeas petition in case No. 03-1779. Further, the Court denied a certificate of appealability. *See* 28 U.S.C. §2253(c)(1).

Subsequently, Petitioner filed a notice of appeal with the Third Circuit with respect to the Court's Memorandum and Order issued in his first habeas case, *i.e.,* his No. 03-1779 case. On July 28, 2005, the Third Circuit issued an Order and denied Petitioner's request for a certificate of appealability. (Doc. 68, No. 03-1779 case).

4

On September 27, 2010, Petitioner then filed his second § 2254 Habeas Petition. (Doc. 1). Petitioner paid the filing fee.

As stated, Petitioner again challenges his 1999 convictions of rape and related offenses and his sentence of 31 ½ to 63 years in prison imposed by the York County Court of Common Pleas.[6] As relief in his present habeas petition, Petitioner requests, in part, this Court to "Vacate [his

---

[6]The state procedural history of Petitioner Holder's case is detailed in our May 14, 2004 Report and Recommendation issued in Petitioner's No. 03-1779 case. Thus, we do not repeat it herein.

It also appears from Petitioner's exhibits attached to his present habeas petition that on October 16, 2008, Petitioner filed a second Post Conviction Relief Act ("PCRA") Petition, 42 Pa. C.S.A. §9541, *et seq.,* with the Court of Common Pleas of York County, and that it was dismissed on October 23, 2008, as untimely. On November 13, 2009, the Pennsylvania Superior Court affirmed the Order of the Court of Common Pleas of York County denying Petitioner's second PCRA Petition. Petitioner then filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. On July 19, 2010, the Pennsylvania Supreme Court denied the Petitioner's Petition for Allocatur.

The record appears to indicate that Petitioner was seeking to file with the Court of Common Pleas of York County a second PCRA Petition based on Ramos' August 2008 Affidavit. The record also seems to reveal that the Court of Common Pleas of York County did not find Ramos' Affidavit entitled Petitioner to file a second PCRA Petition based on new evidence and the trial court dismissed this Petition as untimely.

One of Petitioner's present habeas claims is that the Court of Common Pleas of York County improperly dismissed his second PCRA Petition as untimely since he contends it was based on new evidence, *i.e.* Ramos' Affidavit. Petitioner's instant claim challenging the decision of the Court of Common Pleas of York County with respect to the timeliness of his second PCRA Petition is not a cognizable claim in a §2254 habeas petition. In *Villanueva v. Rozum*, 2008 WL 268060, *5 (E.D. Pa. 1-28-08), the Court stated:

> Federal Habeas relief is only available for violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). For this reason, claims based upon state law are not cognizable. *See Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Further, habeas review concerns only proceedings that resulted in the petitioner's conviction, not occurrences during state collateral proceedings. *See Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir.1998). For this reason, claims premised upon delay or other problems encountered in obtaining state collateral relief are inappropriate grounds for granting habeas relief. *See id*.

1999 York County] sentence and remand [his case] for new trial." (Doc. 1, p. 12).

We find that Petitioner's habeas petition should be dismissed as a second or successive habeas petition because he did not obtain permission from the Third Circuit to file a second or successive petition and since his present claims do not qualify as claims that can be raised under the narrow exceptions of a properly filed second petition. Further, since the record is clear that Petitioner's present habeas petition should be dismissed as a successive petition, we will recommend that the Court decline to issue a Show Cause Order directing service of the petition and a response from the York County District Attorney. *See* Rule 4 of the Rules governing Section 2254 Proceedings; *Louder v. Coleman*, 2009 WL 4893193 (W. D. Pa.)(court dismissed Petitioner's second § 2254 habeas petition without having it served on Respondents since it was a second or successive petition and Petitioner did not show that he obtained permission from Court of Appeals to file it); *Baenig v. Pitkins*, 2010 WL 2595230 (M.D. Pa. 4-20-10), 2010 WL 2595212 (M.D. Pa. 6-24-10). We also take judicial notice of this Court's records pertaining to Petitioner Holder's first habeas petition under § 2254, *i.e.* his #03-1779 case. *Louder*, 2009 WL 4893193 at *2. Thus, in deciding Petitioner's present habeas petition, we take judicial notice of this Court's records and the records of the Third Circuit. *Id*.

As the *Louder* Court stated:

> This power of the court to summarily dismiss a petition, which, considered along with items annexed thereto and things of which judicial notice may be had, shows on its face that the petitioner is not entitled to relief includes the power of the court to dismiss the petition where it discloses that it is not in compliance with AEDPA's second or successive requirements. *Mickens v. Chamberlain,* No. 2:08-CV-950, 2008 WL 4298536 (W.D.Pa.,

---

Thus, Petitioner's first habeas claim in his instant petition, stated above, which is based on an alleged error of the trial court in dismissing his second PCRA Petition is not a cognizable habeas claim. *Id*.

6

> Sept. 17, 2008); *Scott v. Klem,* NO. 4:CV-05-1337, 2005 WL 1653165 (M.D. Pa., July 12, 2005).

*Id.,* *3.

Since Petitioner's present habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *i.e.* April 24, 1996, the AEDPA applies to his case. *Id*.

In *Louder*, the Court stated:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. *See Chambers v. United States,* 106 F.3d 472, 475 (2d Cir.1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b) (3)(A).
>
> The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. *See, e.g., Robinson v. Johnson,* 313 F.3d 128, 140 (3d Cir.2002) ("From the district court's perspective, it [i.e ., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions of AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2) (B). The other is for certain claims relying on new

> rules of constitutional law. § 2244(b)(2)(A). **However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so.** In other words, he must convince, in the first instance, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by AEDPA and have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3)(A). FN1
>
>> FN1. Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

*Id.*, *3 (Emphasis added).

As discussed above, Petitioner Holder's first habeas petition in case #03-1779 was denied after a thorough and extensive review of all of his claims attacking his York County conviction and sentence on the merits were made by this Court.

As the *Louder* Court stated:

> where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. *See, e.g., Whab v. United States,* 408 F.3d 116, 118 (2d Cir.2005) ( "for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); *Greene v. White,* 223 F.3d 1001, 1002 n. 1 (9th Cir.2000) ("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

*Id.*, *4.

In *Hart v. Warden, FCI Schuylkill*, Civ. Docket 3:CV-09-0192, slip op. pp. 3-5 (M.D. Pa. April 30, 2009) (Conaboy, J.), the Court outlined the requirements for dismissal of a successive petition, stating:

> 28 U.S.C. § 2244(a) and Rule 9 of the Rules Governing Section § 2254 Cases in the United States District Courts, as made applicable to 28 U.S.C. by Rule 1, set forth the authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts.
>
> Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." *McCleskey v. Zant*, 499 U.S. 467, 483 (1991). § 2244 provided:
>
>> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.
>
> The Supreme Court in *McCleskey* expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:
>
>> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.
>
> *McCleskey*, 499 U.S. at 489.
>
> In relevant part, section § 2244(a) now provides:
>
>> No Circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section § 2255.

9

*Hart v. Warden, FCI Schuylkill*, Civ. Docket No. 3:09-CV-0192 (M.D. Pa. April 30, 2009) (Conaboy, J.); *Jennings v. BOP*, 2009 WL 1181221, *3 (M.D. Pa.).

In his instant § 2254 habeas petition, Petitioner Holder again challenges his York County conviction and sentence which were at issue in his #03-1779 habeas case, and he now claims that he has new evidence, namely, the August 2008 Affidavit of Ellis Ramos (Doc. 1, p. 19), "whose testimony would contradict the alleged victims (sic) testimony, that goes directly to the crimes the Petitioner is doing time for." (Doc. 1, p. 13). Petitioner states that the trial court struck, as hearsay, the testimony of the victim that Mr. Ramos told her that Petitioner told him "that she [the victim] would have sex with him [Petitioner] for crack cocaine, so she did." (*Id.*). Petitioner states that despite the fact that this testimony was stricken from the record, "during jury instructions, before deliberations, trial judge brought back in this hearsay testimony, reminding jurors of said testimony and how the Petitioner should be made guilty of criminal solicitation of rape and criminal solicitation. Jurors using this stricken testimony found Petitioner guilty and Petitioner was sentenced to a term of 18 to 36 years in prison." (*Id.*).

Petitioner states that he filed his second PCRA Petition with the York County Court about 31 days after he received Mr. Ramos' Affidavit in which Ramos avers that he did not know Petitioner prior to March 2002, which Petitioner states contradicts the testimony of the victim at his trial. Petitioner indicates that the York County Court improperly dismissed his second PCRA Petition as untimely since he filed it within 60 days after he discovered his new evidence, *i.e.* the Ramos Affidavit. As noted, Petitioner's first habeas claim raised in the instant petition challenging the trial court's dismissal of his second PCRA Petition as untimely is not a cognizable claim. *See Villanueva, supra*.

Petitioner claims that his guilty conviction and his sentence violated the U.S. Constitution since the victim's testimony that he told Ramos if she (the victim) would have sex with Petitioner, he (Petitioner) would give her crack is contradicted by Ramos' August 7, 2008 Affidavit which shows that that he (Petitioner) did not know Ramos at the relevant time. We find that Petitioner's present habeas claims clearly do not fit into one of the two narrow exceptions stated above. While Petitioner states that his present claims are based on newly discovered facts which call into question the accuracy of his guilty conviction, *i.e.* Ramos' Affidavit, the testimony of the victim which Petitioner asserts is contradicted by Ramos' Affidavit was found by the trial court to be hearsay, and the court granted the defense motion to strike this testimony and gave the jury a cautionary instruction.[7] Petitioner states that even though the trial court struck as hearsay the victim's stated testimony about what Ramos told her, the trial court referred to the hearsay testimony when it was giving its jury instructions. In any event, Petitioner clearly should have known of his present habeas claims when he filed his first habeas petition with this Court since they are based, at least in part, on the trial court's jury charge which Petitioner alleges improperly included hearsay testimony of the victim regarding what Ramos told her.

Additionally, in his recently filed Memorandum (Doc. 10), Petitioner states that "the trial court allowed improperly admitted hearsay testimony [of the victim regarding what she said Ramos told her about Petitioner's offer to her for sex in exchange for drugs] which the court ordered the jury to disregard ... to be used to convict the Petitioner." Despite his claim that he received new evidence from Ramos in August 2008 in which Ramos avers he did not know the victim during the relevant time, Petitioner was clearly aware of his claim that "hearsay evidence [of the victim was] improperly brought

---

[7]Petitioner attached copies of relevant portions of his trial transcript to his present habeas petition. (Doc. 1, pp. 20-21).

back in by the [trial] judge during jury instructions ... " at the time his trial concluded. (*Id*.). Also, Petitioner could have raised this claim when he filed his first §2254 habeas petition with this Court in case #03-1779.

Further, even if Petitioner Holder's second habeas petition falls within one of the narrow exceptions, and we do not find that it does, Petitioner cannot just file a second petition with this Court. He must still obtain permission from the Third Circuit to file his second petition, and it is clear in this case that Petitioner did not receive such permission to file this case. *See Louder v. Coleman*, 2009 WL 4893193, *3; *Baenig, supra*. In fact, after Petitioner received Ramos' Affidavit, he should have filed a second application under § 2244 to file a second or successive habeas petition.

Morever, this Court has already decided Petitioner's first habeas petition, which raised cognizable habeas claims on the merits, and denied it. This Court also denied to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1). (Doc. 52, case #03-1779). Further, as mentioned, on March 14, 2008, the Third Circuit denied Petitioner's § 2244 application to file a second or successive habeas petition pursuant to 28 U.S.C. § 2254. (Doc. 72, case #03-1779). Petitioner's recourse was to file another § 2244 application with the Third Circuit Court after he received Ramos' affidavit. Petitioner simply filed the present habeas petition, which is clearly a second or successive petition, without receiving required permission from the Third Circuit to do so.

Petitioner fails to show that his instant claims fall within any of the statutory exceptions outlined above, and there is no indication that Petitioner was granted leave to file a second or successive petition by the United States Court of Appeals for the Third Circuit. Therefore, we will recommend that the Court dismiss Petitioner Holder's instant § 2254 habeas petition as a second or successive

petition because this Court lacks subject matter jurisdiction over it. *See Louder v. Coleman*, 2009 WL 4893193, *5.

**III. Recommendation.**

For the reasons set forth above, we respectfully recommend that the Court dismiss Petitioner Holder's Habeas Petition (Doc. 1) as a second or successive § 2254 petition since this Court lacks subject matter jurisdiction over it.


                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: November 22, 2010**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLYNN A. HOLDER, | : | CIVIL ACTION NO. **1:CV-10-2236** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL CURLEY, Warden, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 22, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                       s/ Thomas M. Blewitt
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: November 22, 2010**