# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLYNN A. HOLDER,** : | **CIVIL ACTION NO. 1:10-CV-2236** |
| **Plaintiff** : | |
| v. : | **(Chief Judge Conner)** |
| **BARRY SMITH**, S.C.I. Houtzdale : | |
| Superintendent, *et al.*, : | |
| **Defendant** : | |

## **ORDER**

AND NOW, this 25th day of July, 2018, upon consideration of the motion (Doc. 16) for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) filed by *pro se* petitioner Glynn A. Holder ("Holder"), wherein Holder moves the court to set aside its order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] and the court *first* observing that when a Rule 60(b) motion collaterally attacks the petitioner's underlying conviction, "the motion should be treated as a successive habeas petition," Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004), and the court noting that Holder has already sought and been denied Section 2254 relief before this court, see Holder I, No. 1:03-CV-1779, Docs. 1, 31, 52, and that to the extent Holder's motion to vacate challenges the circumstances

---

[1] The court denied Holder's initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the merits. Holder v. Patrick, No. 1:03-CV-1779, Doc. 52 (M.D. Pa. Dec. 1, 2004) ("Holder I"). Holder's second habeas petition was procedurally barred as a successive Section 2254 petition and therefore dismissed. Holder v. Curley, No. 1:10-CV-2236, Doc. 13 (M.D. Pa. Jan. 5, 2011) ("Holder II"). Holder's Rule 60 motion does not specify which of these two rulings he seeks to have vacated. We construe his motion as seeking *vacatur* of the court's order (Doc. 13) in the instant matter.

underlying his state sentence and can therefore be construed as a new motion under 28 U.S.C. § 2254, such motion is an unauthorized third or successive motion for habeas relief, see 28 U.S.C. § 2244(a), and must be dismissed for lack of jurisdiction, see Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002); and *second*, construing Holder's motion under Rule 60 as styled, it appearing that Rule 60(b)(6) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief," FED. R. CIV. P. 60(b)(6), and that the party seeking such relief must demonstrate that he or she filed the motion within a "reasonable time," FED. R. CIV. P. 60(c), and "extraordinary circumstances" exist such that without the requested relief, "an extreme and unexpected hardship would occur," Satterfield v. Dist. Attorney Phila., 872 F.3d 152, 158 (3d Cir. 2017) (citations omitted), and it further appearing that a change in decisional law, "when paired with certain circumstances," may justify Rule 60(b)(6) relief, id. at 155 (citing Cox v. Horn, 757 F.3d 113 (3d. Cir. 2014)), and the court noting that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, see id. § 2254(d)(1), and the court further noting that the Supreme Court's decision in McQuiggin v. Perkins, 569 U.S. 383 (2013)—holding that a petitioner who can make a credible showing of actual innocence may pursue constitutional claims even despite the AEDPA's statute of limitations—is a change in decisional law constituting an exceptional circumstance, Satterfield, 872 F.3d at 162-63 (quoting McQuiggin, 569 U.S. at 392-93), and therefore, an adequate showing of actual innocence merits Rule 60(b)(6) relief notwithstanding an earlier procedural bar

2

"unless the totality of equitable circumstances ultimately weigh heavily in the other direction," id. at 163, and turning to Holder's motion, wherein Holder invokes Satterfield and McQuiggin for the proposition that this court should revive his habeas petition because he can make a credible showing of actual innocence, (Doc. 16 at 1-2), the court observing that Holder's first habeas petition was timely filed, adjudicated on the merits, and denied, see Holder I, No. 1:03-CV-1779, Docs. 1, 31, 52, and the court concluding that Holder cannot benefit from the change in decisional law effected by McQuiggin because the AEDPA did not procedurally bar this court from adjudicating his initial habeas petition on the merits and determining Holder's evidence of actual innocence to be without merit,[2] it is hereby ORDERED that Holder's motion (Doc. 60) pursuant to Federal Rule of Civil Procedure 60(b)(6) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] The evidence and arguments set forth in Holder's Rule 60(b)(6) motion are virtually identical to those presented in his first and second habeas petitions. Compare Holder II, No. 1:10-CV-2236, Doc. 16 with id. at Doc. 1 and Holder I, No. 1:03-CV-1779, Doc. 1.