IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLYNN A. HOLDER,** | : | CIVIL ACTION NO. 1:10-CV-2236 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BARRY SMITH**, S.C.I. Houtzdale | : | |
| Superintendent, *et al.*, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 27th day of March, 2019, upon consideration of the motion (Doc. 19) for rehearing filed by *pro se* petitioner Glynn A. Holder ("Holder"), wherein Holder seeks reconsideration of the court's order (Doc. 18) dated July 25, 2018, denying his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), and the court emphasizing that a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice," Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008), but that a party may not invoke a motion for reconsideration as a means to "relitigate old matters" or

present previously available arguments or evidence, see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted), and it appearing that Holder bases his motion on arguments identical to or expanding upon those previously raised before—and rejected by—the undersigned,[1] and neither identifies nor substantiates a clear error of law in the court's prior decision,[2] and accordingly fails to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED that:

1. Holder's motion (Doc. 19) for rehearing is DENIED.

2. Holder's motion (Doc. 20) for appointment of counsel is DENIED as moot.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Holder objects to our decision to construe his Rule 60(b)(6) motion (Doc. 16) as seeking *vacatur* of our ruling (Doc. 13) on his second habeas petition. (Doc. 19 at 1; see Doc. 18 at 1 n.1). Holder clarifies that he sought to reopen his original habeas petition, Holder v. Patrick, No. 1:03-CV-1779, Doc. 1 (M.D. Pa. Dec. 1, 2004). (Id.) Holder's original habeas petition was timely filed, adjudicated on the merits, and denied, see Holder, No. 1:03-CV-1779, Docs. 1, 31, 52, and we reiterate that the evidence and arguments Holder presents in the instant matter are virtually identical to those he presented in his first habeas petition, compare (Doc. 16) with Holder, No. 1:03-CV-1779, Docs. 1, 26, 34, 40, 48.

[2] In support of his request, Holder directs our attention to the recent decision in Reeves v. Fayette SCI, 897 F.3d 154 (3d Cir. 2018), as amended (July 25, 2018), petition for *cert.* filed (U.S. Oct. 25, 2018) (No. 18-543). Reeves addressed when a state prisoner may seek habeas relief despite a failure to file a timely petition. Reeves, 897 F.3d at 160-61. Because Holder's original habeas petition was timely filed, Reeves is inapplicable to the instant matter.